UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN BORDAS,

    Petitioner,

v.                                            CASE NO. 04-cv-1456-Orl-19KRS
                                                (6:98-cr-135-Orl-19KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

This case comes before the Court on Petitioner's Petition to Present Federal Question on Deprivation of a Privilege Secured by the Constitution of the United States or by an Act of Congress Under the Sixth Amendment as to the Right to Jury Trial and a Claim of Actual and Factual Innocence of the Term of Imprisonment Under the Sentence Imposed (Doc. No. 1).

Petitioner was charged by information with conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine hydrochloride (Criminal Case No. 6:98-cr-135-Orl-19KRS, Doc. No. 49, filed June 4, 1998).[1] A jury trial began on October 13, 1998, but ended in a mistrial on October 20, 1998. A second trial commenced on November 5, 1998, and the jury found Petitioner guilty as charged. On March 3, 1999, Petitioner was sentenced to a 262 month term of imprisonment (Criminal Case Doc. No. 144).[2] Petitioner filed a direct appeal with the Eleventh

---

[1] Hereinafter Criminal Case No. 6:98-cr-135-Orl-19KRS will be referred to as "Criminal Case."

[2] The Honorable James L. Watson presided over both of Petitioner's trials, as well as the sentencing proceedings.

Circuit Court of Appeals, which entered a written, unpublished opinion *per curiam* affirming Petitioner's conviction. *See* Criminal Case Doc. No. 173, filed January 31, 2000.

On July 19, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 190). This Court denied the motion (Criminal Case Doc. No. 202, filed August 27, 2001), and the appellate court denied his request for a certificate of appealability (Criminal Case Doc. No. 210, filed February 26, 2002).

Petitioner subsequently applied to the Eleventh Circuit Court of Appeals for permission to file a second or successive § 2255 motion based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[3] The appellate court denied the application (Criminal Case Doc. No. 211, filed March 20, 2003).

Petitioner seeks to modify his term of imprisonment based on the United States Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Based on *Blakely*, Petitioner contends that the judicial findings regarding drug quantity used to determine his sentence unconstitutionally increased his sentence and violated his Sixth Amendment rights. The jurisdictional basis for the relief Petitioner seeks is not clear from the petition; however, he cites to 18 U.S.C. § 3582(c)(1)(B).

Section 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rule of Criminal Procedure." Petitioner has not demonstrated that any other statute "expressly permit[s]" a

---

[3]*Apprendi* holds that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.

modification of his sentence and his request falls well outside the 120 day limit set forth in Rule 35. Therefore, § 3582(c)(1)(B) affords Petitioner no relief.[4]

Furthermore, the *Blakely* decision does not provide Petitioner the relief he seeks. In *Blakely*, the United States Supreme Court applied the rule set out in *Apprendi* and held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537. Therefore, the statutory maximum is the maximum that may imposed based solely on the jury's verdict or the defendant's plea without finding any additional facts. *Id.*

Since the filing of Petitioner's petition, the United States Supreme Court has determined that *Blakely* applies to the Federal Sentencing Guidelines, under which Petitioner was sentenced. *United States v. Booker*, 125 S. Ct. 738, 746 (2005). However, the Eleventh Circuit Court of Appeals has since determined that *Booker* does not apply retroactively to cases, such as the instant case, that are on collateral review. *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[4]Similarly, the other provision of 18 U.S.C. § 3582(c) are unavailing for Petitioner: the Director of the Bureau of Prisons has not filed a motion, and Petitioner's sentence is not based on a sentencing range which was subsequently lowered by the Sentencing Commission. 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2).

1. The Petition to Present Federal Question on Deprivation of a Privilege Secured by the Constitution of the United States or by an Act of Congress Under the Sixth Amendment as to the Right to Jury Trial and a Claim of Actual and Factual Innocence of the Term of Imprisonment Under the Sentence Imposed (Doc. No. 1) filed by Juan Bordas is **DENIED**, and this case is **DISMISSED**.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _9th____ day of May, 2005.

*[signature]*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 5/9
Juan Bordas
Counsel of Record

4